UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

MELINDA DROPP,
    Plaintiff,

-vs-

                        Case No.
                        Hon.
                        **DEMAND FOR JURY TRIAL**

ASSET ACCEPTANCE, LLC,
ENCORE CAPITAL GROUP, INC.,
    Defendant.

## COMPLAINT & JURY DEMAND

*Melinda Dropp states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under diversity as the amount in controversy exceeds $75,000.00.

### Parties

2. The Plaintiff to this lawsuit is Melinda Dropp ("Ms. Dropp"), a natural person and resident of Ecorse, MI 48229.

3. The Defendants to this lawsuit are Asset Acceptance, LLC ("Asset Acceptance"), a Delaware limited liability company and wholly owned subsidiary of and succeeded in interest by Delaware corporation Encore Capital Group, Inc. ("Encore").

1

## Venue

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## General Allegations

6. Some time prior to September 2003, Asset Acceptance was engaged to collect a debt allegedly owed by Ms. Dropp; alternatively some time prior to September 2003, Asset Acceptance acquired a debt which was allegedly owed by Ms. Dropp.

7. In seeking to collect the aforementioned debt, Asset Acceptance filed a lawsuit against Ms. Dropp in the 26-2 District Court for the County of Wayne, Case # 03-0578.

8. On September 23, 2003, a default judgment in the amount of $2,859.23 was entered against Ms. Dropp.

9. Asset Acceptance then acquired a judgment lien on Ms. Dropp's home in Wayne County.

10. Her home's value exceeds $25,000.00.

11. The debt Asset Acceptance was attempting to collect from Ms. Dropp was time-barred.

12. Ms. Dropp sued Asset Acceptance as a result of their collection efforts of this time-barred debt.

13. A settlement agreement was signed in that case on December 6, 2006 under which Asset Acceptance agreed to release any liens and/or garnishments relating to the 26-2 District Court Case # 03-0578.

14. Accordingly, on December 21, 2006, an order was entered in the 26-2 District Court setting aside the judgment and dismissing the case with prejudice.

15. Under the agreement, Asset Acceptance had a duty to release any liens and/or garnishments relating to the 26-2 District Court Case # 03-0578.

16. In or around May 2015, Ms. Dropp went to the Wayne County Register of Deeds in Detroit, Michigan.

17. The purpose of the visit was to pay her property taxes and to add her son to the title of her home in Wayne County.

18. The lien that was supposed to have been released pursuant to the order of the 26-2 District Court and the agreement between the parties remained on her home.

19. At the time of filing this Complaint, Asset Acceptance's lien as a result of their collection efforts and which should have been released per the settlement agreement, remains on Ms. Dropp's home.

20. As a result of this lien remaining on her home, Ms. Dropp has suffered damages in excess of $25,000.00.

## COUNT I – Michigan Occupational Code ("MOC") as alternative to claims under the Michigan Collection Practices Act ("MCPA")

21. Ms. Dropp incorporates the preceding allegations by reference.

22. Asset Acceptance is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Ms. Dropp is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Asset Acceptances's actions to collect from Ms. Dropp violated the MOC including but not limited to the following: M.C.L. §§ 339.915.

25. Ms. Dropp suffered damages as a result of these violations of the MOC.

26. These violations of the MOC were willful.

## COUNT II – Michigan Collection Practices Act ("MCPA") as alternative to claims under the Michigan Occupational Code ("MOC")

27. Ms. Dropp incorporates the preceding allegations by reference.

28. Asset Acceptance is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g).

29. Ms. Dropp is a "debtor" as that term is defined in the MCPA, M.C.L. § 445.251(d).

30. Asset Acceptance's actions to collect from Ms. Dropp violated the MCPA

including but not limited to the following: M.C.L. § 445.252.

31. Ms. Dropp suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

### COUNT III – Slander of Title (Statutory & Common Law)

33. Ms. Dropp incorporates the preceding allegations by reference.

34. Asset Acceptance published a false representation disparaging Ms. Dropp's right in her property.

35. Asset Acceptance continues to report this judgment lien more than ten years after the entry of a court order and settlement agreement requiring such collection efforts to cease.

36. Asset Acceptance has acted with malice in the continued reporting of the judgment lien.

37. Asset Acceptance's actions have violated both common law as it relates to slander of title and Michigan law, including, but not limited to: M.C.L. § 565.108.

38. Ms. Dropp has been damaged as a result and is entitled to her damages, costs and attorneys fees.

### Demand for Jury Trial

39. Ms. Dropp demands trial by jury in this action.

### Request for Relief

40. *Accordingly, Ms. Dropp requests that the Court grant:*

   a. *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed and an injunction prohibiting any further collection of those amounts.*

   b. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   c. *Statutory damages.*

   d. *Treble damages.*

   e. *Statutory costs and attorney fees.*

Respectfully Submitted,

By: s/ Sylvia S. Bolos
Sylvia S. Bolos (P78715)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Melinda Dropp
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.Com

Dated: April 18, 2017